## APPLICATION OF DOCTRINE OF LAST CHANCE.

Circuit Court of Cuyahoga County.

ISADORE GOODMAN v. THE CLEVELAND ELECTRIC RAILWAY
COMPANY.

Decided, November 10, 1905.

*Collision Between Street Car and Wagon—Last Clear Chance.*

To authorize the application of the doctrine of last clear chance, an is-
sue involving it must be made by the pleadings.

*Maloney & Ryan,* for plaintiff in error.
*Squire, Sanders & Dempsey,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This was a personal injury damage case which the court be-
low took from the jury. Goodman was a huckster, driving a
one horse wagon eastward on the south side of St. Clair street.
He was struck by a car going in the same direction. The acci-
dent occurred in the middle of an unusually long block, or inter-
val between street intersections. Goodman had looked behind
him when at or near the last street and had perhaps seen a car
coming far down the street. He started to cross the street to
see a customer; but, seeing that the car was too close, he reined
his horse around to the right to get off the track again. Before
he had done so, however, the car struck the left hind wheel of
his wagon and threw him out, inflicting injuries.

It is conceded on the argument that he was negligent in at-
tempting to cross the track, but it was urged that the motor-
man's subsequent conduct in failing to slow up his car, was a
new cause such as should have been submitted to the jury to
determine whether or not it was the negligent and sole proxi-
mate cause of the injury.

The petition does not make this kind of a cause; for it does
not allege that the motorman, after discovering plaintiff's dan-
ger, failed to exercise ordinary care to prevent the threatened
collision. Nor does the evidence tend to show that any such

fact existed. True, such a state of facts may conceivably have existed, consistently with the circumstances as shown by the testimony, but there is no affirmative evidence thereof, and we can not see how the trial judge could do otherwise than direct a verdict.

Judgment affirmed.